```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SIMIAN PAULK | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil No.  05-3447 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

APPEARANCES:

Simian Paulk #400393-050
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro Se

Christopher Christie
United States Attorney
     By:  William E. Fitzpatrick
          Assistant United States Attorney
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101

**SIMANDLE**, District Judge:

I. Introduction

     This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 brought by Petitioner Simian Paulk.  Petitioner is currently serving a sentence of 262 months following his guilty plea to a one count criminal indictment charging conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C §§ 841 and 842.  Petitioner argues that he should be re-sentenced in accordance with United States

v. Booker, 125 S. Ct. 738 (2005). Because Booker is not applied retroactively and this petition was filed in excess of the one-year period of limitation prescribed in § 2255, the petition will be denied.

II. Background

On August 15, 2001, Petitioner pled guilty to a one count indictment for possession of cocaine base with intent to distribute. Petitioner's sentencing hearing was held before the undersigned on May 24, 2002, at which time Petitioner conceded that he was properly designated a career offender. However, Petitioner argued for a downward departure of his career status pursuant to U.S.S.G. § 4A1.3 on the grounds that his criminal history score was overstated. The Court rejected this argument and sentenced him as a § 4B1.1 offender for 262 months. Petitioner then filed a timely appeal on May 30, 2002. On April 29, 2003, the Court of Appeals affirmed the sentence. Petitioner never sought a writ of certiori from the Supreme Court. Therefore, Petitioner's judgment became final on July 29, 2003, ninety days after the Court of Appeals issued its judgment. U.S. Sup. Ct. R. 13(1).

Petitioner filed this § 2255 petition on July 6, 2005, nearly two years after his judgment became final. He argues that under Booker, any fact that increased his sentence must have been proven to a jury beyond a reasonable doubt. Specifically,

Petitioner contends that because his sentence was enhanced due to his status as a career offender, the determination of that status should have been decided by a jury rather than the Court. (Pet. at 5.)

Respondent argues that the petition must be denied because Petitioner's conviction became final before <u>Booker</u> was decided and because the Third Circuit has held that <u>Booker</u> is not applied retroactively.  Additionally, Respondent argues that the <u>Booker</u> decision does not apply to the determination of whether a defendant is a career offender and, therefore, that petitioner's argument fails on the merits.

III. <u>Discussion</u>

Title 28 U.S.C. § 2255 allows for a prisoner in custody to petition the sentencing court to correct a sentence which was imposed in violation of the prisoner's Constitutional rights or laws of the United States.  <u>See</u> 28 U.S.C. § 2255.  Here, Petitioner is claiming a newly recognized constitutional right under the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In <u>Booker</u>, the holdings in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004), were extended to the Federal Sentencing Guidelines.  <u>Booker</u>, 125 S.Ct. 756.  In <u>Apprendi</u>, the Supreme Court held that enhancing a sentence beyond the statutory maximum for factors not found by a jury violated the Sixth

3

Amendment.  530 U.S. at 490.  Similarly, the Supreme Court in Blakely held that in the state court system under review, any contested statutory sentencing enhancement beyond the base offense level, other than the fact of a prior conviction, must be proven to a jury beyond a reasonable doubt. 542 U.S. at ___, 125 S.Ct. at 2537.  In extending those holdings to the Federal Sentencing Guidelines, the Booker Court held that the Federal Sentencing Guidelines are effectively advisory rather than mandatory; district courts are required to consider them but are not bound to apply them.  Id. at 767.

However, the Third Circuit has explicitly held that Booker does not apply retroactively to cases on collateral review decided before January 12, 2005.  In Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Third Circuit held that although Booker announced a "new rule of criminal procedure," it was not a watershed rule "implicating fundamental fairness and accuracy of the criminal proceeding."  Lloyd, 407 F.3d at 612 (internal quotation and citation omitted).[1]  Therefore, Lloyd held that Booker does not apply retroactively to motions under § 2255 where

---

[1] Under Teague v. Lane, 489 U.S. 288 (1989), the exception for "watershed rules" is reserved for those rules that "not only improve the accuracy of trial, but also 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." United States v. Swinton, 333 F.3d 481, 487 (3d Cir. 2003) (quoting Sawyer v. Smith, 110 S. Ct. 2822, 2831 (1990)).

4

the judgment was final as of January 12, 2005.  407 F.3d at 615-16.  Accordingly, Petitioner's Booker claims must be dismissed.

In any event, the instant petition is not timely.  Section 2255 requires that petitions under the statute be filed within one year from the later of the date of final judgment or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255.  Because, Booker does not have retroactive application, the instant petition should have been filed by July 29, 2004, one year from the date of that final judgment.  The petition was not filed, however, until July 6, 2005 and is therefore not timely.[2]

III. Conclusion

For the reasons expressed in this Opinion, the Court denies Petitioner's motion for § 2255 relief.  The accompanying Order is entered.

**September 14, 2005**                       s/ Jerome B. Simandle
DATE                                          JEROME B. SIMANDLE
                                              United States District Judge

---

[2] Even if the instant petition were not time barred, it would fail on the merits.  Petitioner argues that the Court's determination of his status as a career offender violated Booker. (Pet. at 5.)  This argument was rejected in United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005), which held there is no Sixth Amendment violation where a court rather than a jury determines sentencing factors related to prior convictions.